UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-mc-00105-ABJ-RMM |

**MOTION TO EXPEDITE CONSIDERATION OF PETITIONER'S *EX PARTE* APPLICATION AND PETITION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

Petitioner Shervin Pishevar ("Petitioner") respectfully requests this Court expedite its consideration of Petitioner's *Ex Parte* Application and Petition for an Order to Conduct Discovery from Fusion GPS ("Respondent") for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "1782 Application"), ECF No. 1 (filed August 6, 2021).  As explained below, there is good cause to expedite consideration of the 1782 Application in light of the statute of limitations governing Petitioner's contemplated English civil claims and the risk that passage of time may jeopardize the integrity of evidence for use in the contemplated criminal proceedings. Supplemental Declaration of Lord Macdonald of River Glaben Kt QC ("Macdonald Decl."), ECF 6-1 at ¶4 ("delay is apt to defeat the causes of justice"); Declaration of Jenny Cambpbell Afia ("Afia Decl."), ECF 1-15 at ¶55 (noting that statute of limitations for Petitioner's English civil law claims is 6 years).  Granting Petitioner's request to expedite would also comport with one of the "statute's twin aims: i.e., to provide fair and *efficient* assistance to participants in international litigation . . . " *In re Veiga*, 746 F. Supp. 2d 8, 17 (D.D.C. 2010) (emphasis added) (also noting the "statute's overarching interest in providing fair and efficient assistance and the liberal standards of discovery in granting the application").

This matter arose from the forgery of a British police report ("Forged Police Report")[1] that was supplied by someone in the United Kingdom ("U.K. Source") to Respondent Fusion GPS who in turn gave it to a journalist who used the Forged Police Report in an article published by Fast Company, a leading technology news magazine.[2] The article played a key role in disseminating false information concerning Petitioner and caused Petitioner to suffer irreparable harm to his reputation and standing.



Based on information produced in a related Section 1782 proceeding—which authorized Section 1782 discovery to identify the Respondent here ("California 1782 Action")—,[3] it is highly likely that the Respondent has identifying information about the U.K. Source and others involved in the creation and distribution of the Forged Police Report (the "Identifying Information"). The Respondent therefore has possession, custody, or control of information to identify the provenance of the Forged Police Report, including anyone who funded or directed its creation or distribution

---

[1] The City of London Police confirmed that the report is a fake. See Macdonald Decl., ECF 1-29, at ¶¶ 14,15, 19.

[2] Afia Decl., ECF No. 1-15 at ¶ 21 & Ex. 5.

[3] *In Re Application of Shervin Pishevar for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. 1782*, 2:21-mc-00175-JAK-KS (C.D. Cal May 25, 2021), Opinion & Order, ECF No. 21.

("Forgers").  The 1782 Application seeks to obtain that information for use in contemplated criminal and civil proceedings in England against the Forgers.

Respondent will suffer no prejudice from this Court expediting consideration and resolution of the *ex parte* 1782 Application (which simply asks this Court to authorize service of the two Subpoenas attached as Exhibit 2 of the Bento Declaration, ECF No. 1-3) because the Respondent will retain its rights to challenge any subpoena issued by this Court (or it may simply decide to comply with the subpoenas).  Indeed, this is why Section 1782 applications are routinely granted on an *ex parte* basis.  *In re Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018) ("[D]istrict courts are generally authorized to review a § 1782 application on an ex parte basis."); *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) (concluding that "decision to file an ex parte § 1782 application was proper . . . as § 1782 applications are routinely filed ex parte"); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.").[4]

Petitioner will suffer irreparable harm if the consideration of the 1782 Application is not expedited.  A court is empowered to "expedite the consideration of ... any other action if good cause therefor is shown."  28 U.S.C. § 1657(a); *see also In re Blue Skye Fin. Partners S.A.R.L.*, No. 22 MISC. 171 (KPF), 2022 WL 2441074, at *1 (S.D.N.Y. July 5, 2022) (granting *ex parte* application seeking an order under 28 U.S.C. § 1782 authorizing it to serve subpoenas on an expedited basis due to imminent sale of foreign asset).  Here, good cause to expedite consideration

---

[4] "[A]s a general matter, ex parte  review is 'justified by the fact that the parties [from whom discovery is sought] will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'"  *In re Masters*, 315 F. Supp. 3d at 272 (*quoting In re Letter of Request from Supreme Court of H.K.*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)).

3

of Petitioner's 1782 Application exists because the statute of limitations on Petitioner's English civil claims expires in August 2023. Afia Decl., ECF No. 1-15 ¶55 (English civil law claims expire within 6 years); 1782 Application, ECF No. 1 at 4 (noting that Forged Police Report was circulated in September 2017); *see Goodwin v. D.C.*, 21-CV-806 (BAH), 2021 WL 1978795, at *8 (D.D.C. May 18, 2021) (finding good cause to expedite discovery into the identity of an officer to avoid the expiration of plaintiff's claims against said officer by statute of limitations); *see also Gutierrez v. Martinez*, CV L-12-18, 2012 WL 13149228, at *1 (S.D. Tex. Mar. 12, 2012) (finding good cause to expedite discovery to determine the identities of Doe Defendants where the statute of limitations would expire in two months); *see also Jones v. Hoel*, 211 F. Supp. 2d 823, 828–29 (E.D. Tex. 2002) (recognizing that plaintiffs would suffer irreparable harm if a case were dismissed as it would force the plaintiffs to forfeit a case as their statute of limitations would have run).[5] Before Petitioner can initiate a civil proceeding in England and be made whole, Petitioner requires from Respondent the Identifying Information of those who created and distributed the forged report—i.e., the Forgers, including the UK Source.

Courts regularly grant 1782 applications to uncover the identity of a foreign defendant. *See e.g. In re Ex Parte Application of Legatum*, No. 21-mc-80032, 2021 WL 706436 (N.D. Cal. Feb. 23, 2021) (granting 1782 discovery to uncover identity of defendant in contemplated foreign proceeding); *In re Application of Ontario Principals' Council*, No. 2:13-mc-120, 2013 WL 6844545 (E.D. Cal. Dec. 23, 2013) (same). Indeed, Petitioner's prior Section 1782 applications in New York and California—which sought discovery to identify Respondent for use in the same contemplated foreign proceedings and in relation to these exact same facts at issue here—were

---

[5] While the Forged Police Report was distributed to the journalist in September 2017, as a precaution we expect it to have been sent (i.e. "published") to the Respondent in August 2017 i.e. shortly before Respondent handed it over to the journalist.

granted *ex parte* within 3 days and 10 weeks respectively, where the Courts, in authorizing discovery, held that Petitioner had met the statutory requirements of Section 1782 as well as the *Intel* factors.[6]

Anticipating that this 1782 proceeding can take a few weeks or months to resolve, including the potential of an additional briefing period if Respondent chooses to challenge any subpoena issued by Petitioner, Petitioner filed his 1782 Application nearly 500 days ago on August 6, 2021 and the proceeding was re-assigned to this Court 7 days later.

In order to preserve Petitioner's English civil claims (that will expire in August 2023 if Petitioner is unable to obtain the Identifying Information from Respondent) and to ensure that the criminal proceedings are commenced expeditiously, Petitioner respectfully requests that this Court expedite its consideration of the 1782 Application and enter the proposed order authorizing service of the Subpoenas.[7]

Dated: Washington, D.C.
December 16, 2022

Respectfully submitted,

*/s/ JP Kernisan*
Jan-Philip (JP) Kernisan (DC Bar No. 1000895)
Valerie J. Ramos (D.C. Bar No. 241050)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW Suite 900
Washington, D.C. 20005

---

[6] *In re Application of Shervin Pishevar for an Order to Take Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. 1782*, Case No. 19-mc-00370-JGK-SDA (S.D.N.Y. August 9, 2019), Order Authorizing Discovery, ECF No. 8 ("the Court finds that (a) the statutory requirements of 28 U.S.C. § 1782 are satisfied, (b) the factors identified by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), weigh in favor of granting the Petition, and (c) sufficient basis has been shown for granting the Petition"); *In Re Application of Shervin Pishevar for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. 1782*, 2:21-mc-00175-JAK-KS (C.D. Cal May 25, 2021), Opinion & Order, ECF No. 21 ("this Court finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied, and (2) the factors identified by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), weigh in favor of granting the Application.").
[7] Bento Decl. Exhibit 1, ECF No. 1-2.

Telephone: (202) 538-8000
Fax: (202) 538-8100
jpkernisan@quinnemanuel.com
valerieramos@quinnemanuel.com

Lucas V.M. Bento (*pro hac vice pending*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., Floor 22
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
lucasbento@quinnemanuel.com

*Attorneys for Petitioner Shervin Pishevar*