UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 21-mc-105 |

## MEMORANDUM OPINION

Shervin Pishevar has asked this Court to issue two subpoenas to Bean LLC, also known as Fusion GPS ("Fusion GPS"), for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. For the reasons that follow, Mr. Pishevar's *ex parte* application is GRANTED.

### BACKGROUND

Mr. Pishevar is an entrepreneur, venture capitalist, and investor who lives in San Francisco and frequently travels to the United Kingdom. *See* Decl. of Jenny Campbell Afia ¶¶ 8, 13, ECF No. 1-15 ("Afia Decl."). He was arrested in May 2017 by City of London Police in connection with a rape allegation. *See id.* ¶¶ 9, 13. Finding insufficient evidence to support the allegation, police closed the investigation on July 28, 2017. *See id.* ¶ 11. Mr. Pishevar was never charged with an offense related to the May 2017 arrest. *See id*.

The incident nevertheless attracted media attention. In June 2017, Mr. Pishevar obtained an injunction preventing UK newspaper the *Sun* from naming or identifying him in relation to the arrest, on the basis that speculating about the arrest would have been a gross violation of Mr. Pishevar's privacy rights under UK law. *See id.* ¶ 12. In October 2017, reporter Marcus Baram of *Fast Company* magazine contacted London Police to ask about a police report he had obtained

naming Mr. Pishevar. *See id.* ¶ 15. Mr. Baram obtained the report from an individual in Washington, D.C., who represented that he had in turn obtained the report from a "male lawyer based in the UK" (the "UK Source"). *Id.* ¶ 30. The UK Source also told Mr. Baram's contact that Mr. Pishevar had paid the rape complainant a large sum of money to drop the charges, and that police were "outraged over the situation" and had demanded "a review of police procedures" in light of the case. *Id.*; *see also* Afia Decl. Ex. 9, ECF No. 1-24.

The police report is a fake. *See id.* ¶ 17; Decl. of Lord Macdonald of River Glaven Kt QC ¶¶ 14–15, ECF No. 1-29 ("Macdonald Decl."). The additional "information" shared by the UK Source is false, as well. *See* Afia Decl. ¶¶ 20, 30. But *Fast Company* nonetheless published an article about Mr. Pishevar based on the fake report and false information. *See id.* ¶ 20. Other media outlets, including the *NY Post* and *Forbes*, followed suit, releasing articles in November 2017 that referred to the contents of the fake police report. *See id.* ¶ 21.

These events have led Mr. Pishevar to contemplate filing civil and criminal[1] charges in England against the UK Source based on the Source's dissemination of the fake police report and false information. *See id.* ¶¶ 33–45; Macdonald Decl. ¶¶ 25–39. So far, Mr. Pishevar's investigations have revealed that Mr. Baram received the fake police report and false information from D.C.-based investigations company Fusion GPS. *See* Afia Decl. ¶ 32. Pursuant to 28 U.S.C. § 1782, Mr. Pishevar now seeks documentary and testamentary subpoenas requiring Fusion GPS to identify the UK Source, the client who hired Fusion GPS to investigate Mr. Pishevar, and related information. *See* Ex. 2 to Decl. of Lucas Bento, ECF No. 1-3 ("Proposed Subpoenas").

---

[1] Under English and Welsh law, citizens may privately prosecute criminal charges without involvement by police or the Crown Prosecution Service, the UK's national prosecuting authority. *See* Macdonald Decl. ¶¶ 3, 37.

**LEGAL STANDARD**

Section 1782 permits U.S. District Courts to provide evidence-gathering assistance for use in foreign tribunals. *See Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 247–49 (2004). The assistance is available on an *ex parte* basis, *In re Masters*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018), so long as the court is "authorized to grant the request" and "exercise[s] its discretion to do so." *In re DiGiulian*, 314 F. Supp. 3d 1, 6 (D.D.C. 2018) (quoting *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 49 (D.D.C. 2005)). Absent a court order to the contrary, the discovery permitted must be conducted "in accordance with the Federal Rules of Civil Procedure." *Id.* (quoting 28 U.S.C. § 1782(a)).

**DISCUSSION**

**I.    The Court's Authority**

This Court is authorized to grant Mr. Pishevar's Section 1782 request. Authority to grant the request turns on three statutory criteria: (1) the person from whom discovery is sought must "reside in or be found within" the district; (2) the discovery must be "for use in" a "proceeding" before a foreign or international tribunal; and (3) the application must be "made by a foreign or international tribunal or any interested person." *DiGiulian*, 314 F. Supp. 3d at 6.[2]

The first element is satisfied here because Fusion GPS—the target of Mr. Pishevar's requested subpoenas—is headquartered in the District of Columbia. *See* Decl. of Lucas Bento ¶¶

---

[2] This Court has sometimes articulated the mandatory § 1782 criteria as a four-part test. *See In re de Leon*, No. 19-mc-197-TSC, 2020 WL 1047742, at *2 (D.D.C. Mar. 4, 2020). The same showings are required under either construction. In the three-prong test used here, the second element requires that the discovery be "for use in" a "proceeding" before a foreign or international tribunal. *DiGiulian*, 314 F. Supp. 3d at 6. The proceeding need not be pending, but it must be "reasonably contemplated." *See id.* In the four-prong test used in *de Leon*, the "reasonably contemplated" rule is separated from the "for use" issue, possibly for added emphasis. *See de Leon*, 2020 WL 1047742 at *2 (quoting *Intel*, 542 U.S. at 259)).

5–6, ECF No. 1-1 ("Bento Decl."); Bento Decl. Exs. 3, 4, 13, ECF Nos. 1-4, 1-5, and 1-14 (showing Fusion GPS is a trade name for Bean LLC, a Delaware business "based in Washington, DC"). A corporation is "found within" the district where it is headquartered or incorporated. *See Masters*, 315 F. Supp. 3d at 274–75 (collecting cases). Common principles of personal jurisdiction inform this analysis. *See id.* (quoting *In re Application of Thai-Lao Lignite (Thailand) Co.*, 821 F. Supp. 2d 289, 294 n.4, for the principle that personal jurisdiction and § 1782's "found within" requirement "overlap considerably"); *see also de Leon*, 2020 WL 1047742 at *2 (adopting similar reasoning from the Second Circuit). Fusion GPS's characterization of its business as "based in Washington DC" is enough to satisfy this Court that the company is headquartered here. Bento Decl. Ex. 13, ECF No. 1-14.

Mr. Pishevar has also satisfied the second mandatory Section 1782 element. He seeks information and documents from Fusion GPS to use as evidence in an English lawsuit. *See* Afia Decl. ¶¶ 33–45; Macdonald Decl. ¶¶ 25–39. He has not yet filed suit, though he has retained UK and English law firms to advise him on and pursue available claims. *See* Afia Decl. ¶¶ 22, 34; Macdonald Decl. ¶ 25. Section 1782 does not require foreign proceedings to be "pending" or "imminent," so courts may authorize discovery "provided that the foreign proceedings are 'within reasonable contemplation' when the request for judicial assistance is filed." *DiGiulian*, 314 F. Supp. 3d at 6 (quoting *Intel*, 542 U.S. at 259). Mr. Pishevar clearly contemplates filing suit in a foreign tribunal. The affidavits filed in support of his request detail several legal theories that might permit Mr. Pishevar to recover from the UK Source. *See* Afia Decl. ¶¶ 33–45; Macdonald Decl. ¶¶ 25–39. The information and documents sought from Fusion GPS are also "for use" in these contemplated proceedings because the identity of the UK Source is instrumental to pursuing Mr. Pishevar's claims. *See* Afia Decl. ¶¶ 47–49; Macdonald Decl. ¶¶ 40–41.

Third, Mr. Pishevar is an "interested person" within the meaning of Section 1782. An individual who "intends to initiate proceedings" in a foreign tribunal satisfies this third statutory requirement. *Att'y Gen. of Brit. Virgin Islands v. Hyman*, No. 19-mc-164-RCL, 2020 WL 2615519, at *6 (D.D.C. May 23, 2020). So does a "complainant" in a potential criminal matter who has "'a right to submit information' and who 'possess[es] a reasonable interest in obtaining judicial assistance.'" *Lazaridis v. Int'l Ctr. for Missing & Exploited Child., Inc.*, 760 F. Supp. 2d 109, 113 (D.D.C. 2011), *aff'd*, 473 F. App'x 2 (D.C. Cir. 2012) (quoting *Intel*, 542 U.S. at 256) (modification from quoted source omitted). Mr. Pishevar's request therefore satisfies all of the mandatory criteria, giving this Court authority to grant the application.

## II.     The Court's Discretion

The Court must next decide whether to exercise its discretion to grant Mr. Pishevar's request. *See DiGiulian*, 314 F. Supp. 3d at 5–6 (noting that a court is "not required to grant a § 1782(a) discovery application simply because it has the authority to do so"). The decision is guided by the statute's "twin aims" of providing "efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Lazaridis*, 760 F. Supp. 2d at 114; *DiGiulian*, 314 F. Supp. at 7. Four factors "bear consideration" as part of this analysis:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because if so 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;'
>
> (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the . . . court . . . abroad to U.S. federal-court judicial assistance;'
>
> (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and

(4) whether the request is 'unduly intrusive or burdensome.'

*Id.* at 7 (quoting *Intel*, 542 U.S. at 264–65). Weighing these factors is not required, and the Supreme Court has not articulated "a formula for their consideration." *Id.* (internal quotation omitted). This Court nevertheless routinely relies on the *Intel* factors to evaluate Section 1782 requests. *See id.*; *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49; *Lazaridis*, 760 F. Supp. 2d at 114.

The first factor weighs in favor of granting Mr. Pishevar's request. He seeks subpoenas addressed to a "nonparticipant in the matter arising abroad," because the requested subpoenas are directed at Fusion GPS, but Mr. Pishevar does not plan to sue Fusion GPS in the English courts. Mr. Pishevar plans to pursue his claims against the UK Source. *See* Afia Decl. ¶¶ 34, 44–45; Macdonald Decl. ¶ 27. His request is aimed at Fusion GPS because the investigations company appears to be the best source of information on the identity of the UK Source—the individual or individuals who will ultimately become the "participant[s] in the foreign proceeding." Afia Decl. ¶ 32; Macdonald Decl. ¶ 40.

The second factor also weighs in favor of granting Mr. Pishevar's request. This factor considers the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign court to U.S. judicial assistance. *DiGiulian*, 314 F. Supp. 3d at 7. The nature of the English court system or the civil and criminal proceedings contemplated there raise no concerns in this U.S. court. Courts in the United States also presume that foreign tribunals will be receptive to evidence obtained here, and ordinarily consider "only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* at 8 (citing *In re Caratube*, 730 F. Supp. 2d 101, 106–06 (D.D.C. 2010); *In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 10–11 (D.D.C. 2017)). No such proof has been offered in this case. Mr. Pishevar's UK and English counsel also believe the English courts will be receptive to the evidence he seeks in this Section 1782 petition. *See* Afia Decl. ¶¶ 51–54; Macdonald Decl. ¶¶ 42–47.

The third *Intel* factor also weighs in Mr. Pishevar's favor. Nothing in the record indicates that Mr. Pishevar is seeking discovery here via Section 1782 to circumvent the proof-gathering rules or policies of either this Court or the courts of England. *See DiGiulian*, 314 F. Supp. 3d at 9 (evaluating this factor on lack of evidence in the record); *In re Veiga*, 746 F. Supp. 2d 8, 25 (D.D.C. 2010) (same).

The last *Intel* factor does not weigh against Mr. Pishevar. Under the fourth factor, courts must consider whether the Section 1782 discovery request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The standard in this context is substantially the same as under the Federal Rules of Civil Procedure. *See, e.g.*, *DiGiulian*, 314 F. Supp. 3d at 9 (incorporating relevance considerations); *de Leon*, 2020 WL 1047742, at *3 (same); *Barnwell Enters.*, 265 F. Supp. 3d at 13–14 (incorporating burdensomeness balancing considerations, including the effect of temporal and subject-matter restrictions); *Veiga*, 746 F. Supp. 2d at 25 (concluding that Section 1782 request was "reasonably tailored" to the "claims and defenses raised in the proceedings at issue"). Mr. Pishevar's proposed subpoenas appear appropriately tailored to the English proceedings he is contemplating against the UK Source. *See* Proposed Subpoenas. Additionally, because the Federal Rules of Civil Procedure apply to a subpoena issued under Section 1782, Fusion GPS will have an opportunity to object to the subpoena on burdensomeness and related grounds under Rule 45(d). *See* 28 U.S.C. § 1782(a); *de Leon*, 2020 WL 1047742, at *1. If the subpoenas are unduly burdensome, then, they may still be quashed on motion from Fusion GPS. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

## CONCLUSION

Accordingly, because this Court has authority to grant Mr. Pishevar's § 1782 request and the discretionary *Intel* factors weigh in favor of doing so, Mr. Pishevar's *Ex Parte* Application

and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, ECF No. 1, is **GRANTED**.  A corresponding order will issue separately.

Dated: February 17, 2023

                                              ROBIN M. MERIWEATHER
                                              UNITED STATES MAGISTRATE JUDGE