UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782, | Case No. 21-MC-105-ABJ-RMM |

## SUPPLEMENTAL DECLARATION OF JENNY CAMPBELL AFIA

I, Jenny Campbell Afia, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I submit this Supplemental Declaration in support of Mr. Shervin Pishevar ("Petitioner")'s Opposition to Respondent's Motion to Quash Subpoena for Deposition and Subpoena for Documents or, in the Alternative for Protective Order (the "Motion to Quash").

2. Unless otherwise indicated, all facts set forth in this declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents, including the proposed subpoenas; and (c) information supplied to me by Petitioner or professionals retained by Petitioner.

3. For a summary of the factual background of this matter, and my relevant qualifications, I refer to my declaration dated August 6, 2021.[1]

## THE CONTEMPLATED ENGLISH PROCEEDINGS

4. At page 6 of the Respondent's Motion to Quash (under the section titled **"IV. Mr. Pishevar's "Contemplated" Proceedings"**) the Respondent refers to paragraph 35 of my

---

[1] ECF No. 1-15 (Afia Declaration)

declaration dated August 6, 2021 where I stated that "[u]nder English civil procedure, a complainant may initiate a civil claim against "Persons Unknown" (similar to John Doe defendants in the United States)." The Respondent asserts that despite this: "Mr. Pishevar has not shown that he has commenced any such "Persons Unknown" proceedings, which he could have filed without any identifying information."

5. The Respondent's Motion to Quash does not refer to paragraph 50 of my declaration in which I stated: "Petitioner will be able to use and introduce any information obtained pursuant to the 1782 Application at any stage of the English civil proceedings, though it would be preferable to obtain the information prior to filing the Contemplated Civil Proceedings in order to issue proceedings against the actual author(s) or knowing disseminators of the Forged Police Report and Other False information rather than "Persons Unknown" (and then have to amend pleadings to substitute Persons Unknown with the name(s) of the report's author(s) and/or malicious disseminators)".

6. The point I was making was that claims can be started even if the defendant(s)' identity is not known. But usually that would be on the basis that their identity will become known shortly thereafter. Whilst, subject to certain conditions I describe below, it is possible to obtain a judgment against a person unknown; in practical terms that would make any remedies entirely meaningless.

7. The first major challenge with a persons unknown claim is that once a claim is issued, the claim form must be served within a specified period of time (Civil Procedure Rules 1998 ("CPR"), r.7.5).[2] If a claimant fails to serve the claim form within either four months (if

---

[2] A true and correct copy of which is attached as **Exhibit 1**

service is in England and Wales)[3] or six months (if service is outside England and Wales)[4] then the claim will lapse and will be rendered void. The claimant may seek to persuade the court to exercise its power to stay proceedings to protect the claim but this cannot be guaranteed.[5]

8.  The requirement to comply with the rules relating to service of the claim form in claims against "Persons Unknown" was confirmed by the United Kingdom Supreme Court in its decision *Cameron v Liverpool Victoria Insurance Co Ltd* [2019] UKSC 6.[6] The court held that it was a fundamental principle that defendants are given proper notice of a claim against them and a reasonable opportunity to advance any defence, including in claims brought against "Persons Unknown". A person who is anonymous and cannot be identified cannot be sued under a pseudonym or description unless the circumstances are such that service of the claim form can be effected or properly dispensed. English civil procedure rules provide that a claim form "should state…the full name of each party" under CPR, Practice Direction 7A para. 4.1(3)[7]. However, this does not preclude using a suitable descriptive title for a party where its actual name is not known (CPR, Practice Direction 7A para. 4.1(3) Editorial note).

---

[3] CPR, r.7.5(1)

[4] CPR, r.7.5(2)

[5] The court has a general case management power to stay the whole or any part of proceedings until a specified date or event under CPR, r. 3.1(2)(f), a true and correct copy of which is attached at **Exhibit 2**

[6] A true and correct copy of which is attached as **Exhibit 3**

[7] A true and correct copy of which is attached as **Exhibit 4.** (The CPR define what amounts to a party's full name under Practice Direction 16 paragraph 2.4, a true and correct copy of which is attached as **Exhibit 5**

9. Given in a Persons Unknown case, the claimant will not know who to serve the claim form on and how to go about doing so, he/she will typically seek permission from the court under CPR, r. 6.15[8] to permit service by an alternative method. The rule states:

**"6.15.— Service of the claim form by an alternative method or at an alternative place**

(1) Where it appears to the court that there is a good reason to authorize service by a method or at a place not otherwise permitted by this Part, the court may make an order permitting service by an alternative method or at an alternative place.

(2) On an application under this rule, the court may order that steps already taken to bring the claim form to the attention of the defendant by an alternative method or at an alternative place is good service.

(3) An application for an order under this rule—

    (a) must be supported by evidence; and

    (b) may be made without notice.

(4) An order under this rule must specify—

    (a) the method or place of service;

    (b) the date on which the claim form is deemed served; and

    (c) the period for—

        (i) filing an acknowledgment of service;

        (ii) filing an admission; or

        (iii) filing a defence."

---

[8] A true and correct copy of which is attached as **Exhibit 6**

10. The Court must however be satisfied that the method could reasonably be expected to bring the proceedings to the attention of the defendant(s). As the court stated in *Cameron v Liverpool Victoria Insurance Co Ltd* (at paras 16 to 17)*:*

> "One does not, however, identify an unknown person simply by referring to something that he has done in the past. "The person unknown driving vehicle registration number Y598 SPS who collided with vehicle registration number KG03 ZJZ on 26 May 2013", does not identify anyone. It does not enable one to know whether any particular person is the one referred to. Nor is there any specific interim relief such as an injunction which can be enforced in a way that will bring the proceedings to his attention. The impossibility of service in such a case is due not just to the fact that the defendant cannot be found but to the fact that it is not known who the defendant is. The problem is conceptual, and not just practical. It is true that the publicity attending the proceedings may sometimes make it possible to speculate that the wrongdoer knows about them. But service is an act of the court, or of the claimant acting under rules of court. It cannot be enough that the wrongdoer himself knows who he is.
> …Justice in legal proceedings must be available to both sides. It is a fundamental principle of justice that a person cannot be made subject to the jurisdiction of the court without having such notice of the proceedings as will enable him to be heard."

11. Hence, whilst in theory it would be open to the Petitioner to issue proceedings against Persons Unknown, if their identity is not known by the time the claim form has to be served, the court's permission will be needed to continue the claim.

12. If such permission is obtained, difficulties would remain. Although the court can rule on liability even in the absence of a party to the proceedings,[9] in practical terms remedies would be meaningless if there is no party on the other side. For example, although the court may award financial damages against "Persons Unknown", without identifying the defendant(s) the Petitioner will not be able to enforce payment or other equitable remedies, such as injunctive relief. Consequently the Petitioner would be left without adequate redress to the actions of the unidentified defendants which have caused him serious harm, including financial compensation and injunctive relief.

13. In the light of the above, it would clearly be preferable to initiate a civil claim where the defendant(s) can be identified.

## A DEPOSITION WOULD NOT CIRCUMVENT FOREIGN-PROOF GATHERING RULES

14. At page 24 of the Respondent's Motion to Quash (under the section titled **"B. The Deposition Subpoena Would Circumvent Foreign Proof-Gathering Rules"**) the Respondent has asserted that "deposition testimony is inconsistent with English "proof-gathering" policies and restrictions". The Respondent cites *In re WildBrain Fam. Int'l Ltd*., No. 19-MC-527 (JPO), 2020 WL 6135765, at *2 (S.D.N.Y. Oct. 19, 2020) including the declaration of Mair Williams[10] filed in support of The Raine Group LLC's Motion To Quash in that case.

---

[9] CPR, r.23.11, a true and correct copy of which is attached as **Exhibit 7**

[10] A true and correct copy of which is attached at **Exhibit 8**

15. As stated in my declaration in support of Petitioner's 1782 Application, I am not aware of any reason that the Courts of England and Wales will not be receptive to the judicial assistance requested in the 1782 Application. I refer the court to paragraphs 51 to 54 of my previous declaration.

16. With regard to deposition testimony in 1782 proceedings in particular, English Courts have declared that it can be permissible to seek and use such testimony as evidence in English proceedings. In *Dreymoor Fertilisers Overseas PTE Ltd v Eurochem Trading GmbH* ([2018] EWHC 2267 (Comm))[11] the English High Court examined the issue of whether injunctions can be granted restraining the enforcement of 1782 orders, providing an overview of the applicable law on this point.[12] Referring to earlier decisions and summarizing the guidance, at paragraph 61 of the judgment the court stated:

> "(2) In general, the English court leaves it to the parties to obtain the evidence they think necessary for the advancement of their case by the means of their choosing, provided such means are lawful in the country where they are deployed.
>
> (3) The fact that a party to English litigation is able to obtain evidence by means of a right available in a foreign country significantly different from that available in the English system does not, by itself, constitute unconscionable conduct. Essentially, this is a corollary of proposition (2) above.

---

[11] A true and correct copy of which is attached at **Exhibit 9**

[12] The court stated that whether the use by a party of the 1782 procedure is capable under English law of constituting unconscionable conduct interfering with the fair disposal of English court or arbitral proceedings, will depend on all of the circumstances of the case. If deemed capable of constituting unconscionable conduct, an injunction restraining the use of a 1782 order can be granted.

(4) It follows that there is no blanket ban on a party to English litigation seeking to utilize the US procedure for pre trial deposition in order to obtain evidence for his case."

17.     *In re WildBrain Fam. Int'l Ltd,* and the Declaration of Mair Williams concerns an English lawsuit (*Wild Brain Family International Ltd. V. Robson et al*., Claim No. BL-2018-001993) which can be distinguished on a number of points from the Petitioner's contemplated claim. In particular, in *Wild Brain Family International Ltd. V. Robson et al*. the English lawsuit had already significantly progressed. A Case Management Conference had been heard some months prior, from which "the English Court approved the agreed-upon [Disclosure Review Document] and entered an Order setting forth the procedural steps…including the scope and timing of discovery, up to and including trial." (Declaration of Mair Williams, paragraph 10).

18.     By contrast, the Petitioner has not yet issued proceedings in England, let alone have such proceedings been the subject of a Case Management Conference where the management and scope of discovery is addressed. As such, the Petitioner's 1782 Application cannot be described as side-stepping discovery guidelines given that no discovery guidelines have been directed by the court.

19.     In addition, the Disclosure Review Document which Ms. Mair refers to is a document identifying the scope of discovery in proceedings brought before the Business and Property Courts in England and Wales. The Business and Property Courts decide specialist business and other civil international dispute resolution and business cases in England and Wales. The Petitioner's contemplated claim would be before a different court and no such Disclosure Review Document would be submitted.

20. As a final point, the Declaration of Mair Williams states that "Depositions are not a procedure recognized by the English Court". That is not correct: English civil procedure rules provide for parties to rely on evidence in depositions under CPR, r.34.8.[13] Under this procedure, a party seeking to rely on a deposition applies for an order from the court for a person to be examined (CPR, r.34.8(1)). The subsequent order shall then be for a deponent to be examined on oath before a judge, an examiner of the court, or such other person as the court appoints (CPR, r.34.8(3)).

21. The primary purpose of depositions ordered under CPR, r.34.8, as confirmed by the Court of Appeal in *Barratt v Shaw & Ashton* [2001] EWCA Civ 137,[14] is the taking of evidence from a witness whom it would be impossible to bring to court for trial. The court also accepted that it might be appropriate to order a deposition to be taken where justice required that the evidence to be given by the deponent be available prior to a court hearing taking place.

22. Based on the foregoing, it is axiomatic that Petitioner's request for a deposition under Section 1782 does not circumvent any proof-gathering rules under English law.

23. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.

Executed on this 14th day of April, 2023 in London, England.

_____
Jenny Campbell Afia

---

[13] A true and correct copy of which is attached as **Exhibit 10**

[14] A true and correct copy of which is attached as **Exhibit 11**