# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No.  21-mc-00105-ABJ-RMM |

**PETITIONER'S MOTION TO WITHDRAW PETITIONER'S MOTION FOR LEAVE TO FILE THE DEPOSITION OF SAM ANSON UNDER SEAL**

Petitioner Shervin Pishevar respectfully submits this Motion to Withdraw its Motion for Leave to File the Deposition of Sam Anson Under Seal.

## INTRODUCTION

1. Petitioner moved for leave to file under seal the deposition testimony of Sam Anson, and all references thereto in his Opposition to Fusion GPS's Motion to Quash. Dkt. No. 15. Petitioner so moved out of an abundance of caution based on an understanding that the testimony referred to information that may have been subject to a nondisclosure agreement between Mr. Anson and Fusion GPS (the "NDA"). However, no NDA (or similar agreement) has been produced by Fusion GPS or Mr. Anson. Indeed, in its Reply brief in support of its Motion to Quash, Fusion GPS has encouraged the testimony to become public. Accordingly, Petitioner's withdraw its motion for leave to file the deposition transcript under seal, and files publicly the unredacted Opposition to Fusion GPS's Motion to Quash and the deposition transcript of Sam Anson as exhibits to this Motion.

## ARGUMENT

2. "The D.C. Circuit has laid out six factors for courts to consider when determining whether to seal court records: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceeding." Guttenberg v. Emery, 26 F. Supp. 3d 88, 92 (D.D.C. 2014).

3. Since Petitioner filed its motion for leave to file Mr. Anson's deposition under seal, Fusion GPS has taken the position that Mr. Anson's testimony should be public record based on the importance of public access to judicial records.[1]

4. Petitioner has no other reason to believe the six factors provided above weigh in favor of sealing the testimony.

5. Petitioner thus withdraws its motion for leave to file Mr. Anson's deposition testimony under seal.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant leave for Petitioner to withdraw its motion to file Mr. Anson's deposition under seal.

---

[1] Petitioner understands that Fusion GPS does not consider the information in Mr. Anson's deposition testimony to be covered by the NDA. Dkt. No. 17 at 13 ("The letter . . . only instructs Mr. Anson to adhere to his confidentiality agreements with Fusion GPS, which covered work unrelated to Mr. Pishevar.")/

2

| | |
|---|---|
| Dated:  Washington, D.C.<br>         May 7, 2023 | Respectfully submitted,<br><br>*/s/ Valerie J. Ramos*<br><br>Valerie J. Ramos (D.C. Bar No. 241050)<br>Jan-Philip (JP) Kernisan (DC Bar No. 1000895)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1300 I Street, NW Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538-8000<br>Fax: (202) 538-8100<br>jpkernisan@quinnemanuel.com<br>valerieramos@quinnemanuel.com<br><br>Lucas V.M. Bento (*pro hac vice granted*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Ave., Floor 22<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>lucasbento@quinnemanuel.com<br><br>*Attorneys for Petitioner Shervin Pishevar* |