# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHERVIN PISHEVAR,
                Petitioner,

v.

FUSION GPS,
                Respondent.

Misc. Case No.: 1:21-mc-105-ABJ-MJS

## JOINT STIPULATION AND PROTECTIVE ORDER

WHEREAS, on February 17, 2023, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting Shervin Pishevar ("Petitioner") leave to serve the Subpoenas on Respondent Bean LLC d/b/a Fusion GPS ("Fusion GPS") to obtain discovery for Petitioner's use in foreign proceedings (Dkt. No. 9);

WHEREAS, on March 29, 2023, Fusion GPS filed a Motion to Quash and in the alternative a Motion for Protective Order (the "Motion to Quash") to set aside the Subpoenas (Dkt. No. 12);

WHEREAS, on March 21, 2025, the Court granted in part and denied in part Fusion GPS' Motion to Quash (Dkt.26);

WHEREAS, Fusion GPS wishes to protect the confidential, proprietary, and/or commercially sensitive information of the certain documents and testimony sought by Petitioner;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of the responsive documents and information in its possession, the Parties hereby stipulate and agree as follows:

### 1. Scope

Mr. Pishevar and Fusion GPS (collectively, the "Parties") submit this Stipulated Protective Order to the Court for approval and agree to be bound by the Order's terms. The Parties shall abide by the terms of this Order pending its approval by the Court, and if this Order is not entered by the Court for any reason, the Parties shall continue to abide by its terms with respect to any

material produced by Fusion GPS prior to the Court's decision not to enter this Order unless the Court otherwise determines.

## 2. Definitions

i. "Person" means a natural individual or a legal entity.

ii. "Producing Party" means a Person who produces information via the discovery process in this action.

iii. "Receiving Party" means a Person who receives information via the discovery process in this action.

iv. "Confidential Information" means any information produced in response to the Subpoenas that has been designated as "Confidential" because it is information which is not publicly available that contains: (i) client lists, sensitive business, financial, or commercial information, that may reasonably be considered to provide a commercial advantage to its possessor, that contains sensitive or personally identifiable information of a natural person, and/or that the disclosure of which to may reasonably be considered to create a risk of harm that could not be avoided by less restrictive means; or (ii) information that, pursuant to any applicable law, regulation, or court order, is required to be kept confidential or is subject to restrictions on its use or disclosure.  Information is not "Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to Petitioner without an obligation of confidentiality before Fusion GPS disclosed it, or is, or becomes, known to Petitioner by a means not constituting a breach of this Order.  Information is likewise not Confidential if a Person lawfully obtained it independently of this litigation.

v. The "Foreign Proceedings" refer to Petitioner's contemplated UK proceedings. (Mot. at 22–23.)

### **3. Designation of Information as Confidential**

i. A Producing party may designate as confidential, for protection under this Order, any document or material that constitutes or includes Confidential Information, by affixing a "CONFIDENTIAL" legend or stamp on such document or material. The legend or stamp shall be placed clearly on each page of the document or material for which such protection is sought.

ii. A Producing Party may designate a deposition or portions of a deposition as CONFIDENTIAL by (a) designating them as such when the deposition is taken or (b) within ten (10) business days after receipt of the transcript. The deposition and transcript as a whole shall be treated as CONFIDENTIAL from the date of the deposition until the ten business day period has expired. Any testimony that describes a document marked "CONFIDENTIAL" shall also be deemed to designated as CONFIDENTIAL.

ii. A Party's designation of information as CONFIDENTIAL means that the Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

iii. By making documents, things, or testimony containing Confidential Information available for inspection without marking them as CONFIDENTIAL, the Producing Party does not forfeit a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as CONFIDENTIAL before providing the copies to the Recipient.

iv. A Producing Party's failure to designate a document, thing, or testimony as CONFIDENTIAL does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

v. A Producing Party may withdraw its confidentiality designation by written notification.

vi. If a Receiving Party disputes a Producing Party's designation of information as CONFIDENTIAL, the Receiving Party shall notify the Producing Party in writing, identifying the specific document(s) or thing(s) as to which the designation is disputed, and the grounds for the dispute. The Parties shall then confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the Receiving Party may seek relief from the Court as the Party challenging the designation, and the Producing Party bears the burden of proving that the

information is properly designated as CONFIDENTIAL. In the event such an application is made, the information shall remain subject to a Producing Party's designation until the Court rules on the dispute.

### 4. Use and Disclosure of Confidential Discovery Material

i. Absent written agreement by the Parties, or Court order, any confidential information produced in this action may only be used: (1) in this action, (2) for purposes of litigating claims in the Foreign Proceedings, (3) any additional proceedings seeking Section 1782 discovery or third party discovery in aid of the Foreign Proceedings, (4) proceedings to enforce any decision, order, or judgment rendered in the Foreign Proceedings, and (5) any appeals arising therefrom. If any confidential information is used for any of these purposes, it must be filed under seal to the extent permitted under applicable law.

ii. Petitioner will provide Fusion GPS a copy of the Forged Police Report. Fusion GPS must treat the Forged Police Report as CONFIDENTIAL and can only use the Forged Police Report in complying with the Subpoenas, including preparing for its deposition. For the avoidance of doubt, Fusion GPS shall not disclose the Forged Police Report, or any of its contents, to any third party. Fusion GPS further agrees that any filing of the Forged Police Report in the above-captioned action must be made under seal. Fusion GPS must delete any record of the Forged Police Report provided by Petitioner within 10 days after complying with the Subpoenas.

iii. Petitioner will not bring any action in the Foreign Proceedings against Fusion GPS or any of its current or former principals or employees for actions taken on behalf of Fusion GPS.

iv. Petitioner will not bring any additional proceedings against Fusion GPS or any of its current or former principals or employees acting on behalf of Fusion GPS seeking Section 1782 discovery in aid of the Foreign Proceedings. Petitioner reserves the right to bring any additional Section 1782 discovery in aid of the Foreign Proceedings, to the extent any current or former principals or employees of Fusion GPS may have relevant information and obtained that information whilst acting outside the scope of its employment at Fusion GPS.

### 5. Survival of Obligations

This Order shall survive the conclusion of this action and this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. This Order or any terms or obligations herein may only be modified (1) upon the mutual agreement of the Parties; or (2) by leave of Court.

**IT IS SO ORDERED.**

DATED:  April 29, 2025

/s/ *Joshua A. Levy*
Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
Justin A. DiCharia (D.C. Bar No. 1671109)
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Suite 1200
Washington, DC 20006
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
JDiCharia@levyfirestone.com

*Counsel for Fusion GPS*

/s/ *Valerie J. Ramos*
Valerie J. Ramos (D.C. Bar No. 241050)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, NW Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
valerieramos@quinnemanuel.com

Lucas V.M. Bento (*pro hac vice granted*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
lucasbento@quinnemanuel.com

*Counsel for Shervin Pishevar*